J-S37043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESTER NAFIS | : | |
| | : | |
| Appellant | : | No. 395 EDA 2022 |

Appeal from the PCRA Order Entered January 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003847-2017

BEFORE:  BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 10, 2023**

Appellant, Lester Nafis, appeals from the January 20, 2022 order entered in the Court of Common Plea of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Counsel for Appellant, Matthew Sullivan, Esquire ("Attorney Sullivan"), filed a brief and a motion to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967) and its progeny.[1]  We affirm the

---

[1] **See Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **see also Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

Attorney Sullivan's appellate brief filed pursuant to **Anders**, **supra**, is misplaced.  A **Turner**/**Finley** no-merit letter or brief is required where counsel seeks to withdraw within the context of PCRA litigation.  **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); **see also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998).  "Because an **Anders** brief provides

order denying Appellant's petition and grant Attorney Sullivan's motion to withdraw.

The record demonstrates that, on February 21, 2019, Appellant pleaded guilty to persons not to possess, use, manufacture, control, sell, or transfer firearms, 18 Pa.C.S.A. § 6105(a)(1).[2]  On April 18, 2019, the trial court sentenced Appellant to three to six years' incarceration, with credit for time served, followed by two years' probation and ordered Appellant to pay costs and fines.  Appellant did not file a post-sentence motion or seek a direct appeal.  As such, Appellant's judgment of sentence became final on Monday,

_____

greater protection to [an appellant], this Court may accept an *Anders* brief *in lieu* of a *Turner*/*Finley* [no-merit] letter."  *Widgins*, 29 A.3d at 817 n.2.

As such, we accept counsel's *Anders* brief *in lieu* of a *Turner*/*Finley* no-merit letter and will consider it under the *Turner*/*Finley* standard.

[2] Appellant was also charged with firearms not to be carried without a license, carrying firearms on public streets or private property in Philadelphia, Pennsylvania, possessing an instrument of crime with the intent to employ it criminally, and knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered.  18 Pa.C.S.A. §§ 6106(a)(1), 6108, and 907(a), as well as 35 P.S. § 780-113(a)(16), respectively.  These four charges were *nolle prossed* after Appellant pleaded guilty to the aforementioned criminal charge of possession of a firearm prohibited.

All of Appellant's criminal charges stemmed from a stop of his vehicle by a Philadelphia police officer for violations of the Motor Vehicle Code.  Appellant's vehicle "was subsequently searched, and a firearm was recovered under the driver's seat where [Appellant] was seated.  Due to previous convictions, [Appellant] was not permitted to possess a firearm."  Trial Court Sentencing Memorandum, 4/16/19, at § III.

May 20, 2019.[3] ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); ***see also*** Pa.R.A.P. 903(a) (stating, a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); 42 Pa.C.S.A. § 5505 (stating, in pertinent part, that a trial court "may modify or rescind any order within 30 days after its entry" if no appeal has been filed).

On February 18, 2021, Appellant filed *pro se* a PCRA petition, his first. Charles A. Klein, Esquire ("Attorney Klein") was appointed to represent Appellant. On May 26, 2021, Attorney Klein filed an amended PCRA petition on behalf on Appellant, asserting a claim of ineffective assistance of pre-trial counsel and trial counsel, as well as a claim that Appellant's guilty plea was not entered voluntarily, knowingly, and intelligently. The Commonwealth filed a response on September 13, 2021.

---

[3] The 30th day following the imposition of Appellant's sentence was Saturday, May 18, 2019. As such, Appellant's judgment of sentence became final on Monday, May 20, 2019. ***See*** 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

On December 2, 2021, the PCRA court provided Appellant notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss his petition.[4] Appellant did not file a response. On January 20, 2022, the PCRA court dismissed Appellant's petition. This appeal followed.[5]

We summarize the issue raised by Appellant in his *pro se* PCRA petition as follows:

> Whether the PCRA court erred or abused its discretion when it dismissed Appellant's petition without an evidentiary hearing even though Appellant's petition, which was untimely on its face, successfully invoked the newly-discovered facts exception to the PCRA jurisdictional time-bar, pursuant to 42 Pa.C.S.A. § 9545(b)(ii)?

**See** Appellant's *Pro Se* PCRA Petition, 2/18/21, at 2-3.[6] In his Rule 1925(b) statement, Appellant also raises a claim of ineffective assistance of trial

---

[4] The PCRA court initially provided Appellant notice of its intent to dismiss his petition pursuant to Rule 907 on October 29, 2021. Appellant did not file a response. On November 29, 2021, the PCRA court *sua sponte* entered an order, notifying the parties that it was holding Appellant's petition "under advisement." The PCRA court subsequently reissued its Rule 907 notice on December 2, 2021.

[5] On February 4, 2022, the PCRA court permitted Attorney Klein to withdraw as counsel for Appellant and appointed Attorney Sullivan to represent Appellant on appeal.

Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

[6] In counsel's **Anders** brief, the issue raised on appeal is inartfully stated as, "Can [Appellant] raise any issues of arguable merit?" **Anders** Brief at 5. We remind counsel that a **Turner**/**Finley** no-merit letter, which should have been employed in the case *sub judice*, must detail the nature and extent of counsel's diligent review of the case, **list the issues which the petitioner wants to**

counsel "for failing to advise [Appellant] to proceed with a stipulated trial instead of a guilty plea so that [Appellant could] appeal the denial of his suppression motion."[7]   Appellant's Rule 1925(b) Statement, 2/18/22, at ¶1(b).

Preliminarily, we address Attorney Sullivan's motion to withdraw as counsel before addressing the merits of the claims raised on appeal.  As discussed *supra*, because this appeal is from the denial of collateral relief under the PCRA, a **Turner**/**Finley** no-merit letter or brief is the appropriate filing.  Although we accepted Attorney Sullivan's **Anders** brief *in lieu* of a

---

**have reviewed**, and explain why and how those issues lack merit, with citation to appropriate case law and other authority when necessary. **Turner**, 544 A.2d at 928.

In his *pro se* PCRA petition, Appellant asserts the newly-discovered facts exception to the PCRA jurisdictional time-bar.  Appellant's *Pro Se* PCRA Petition, 2/18/21, at 2.  Specifically, Appellant contends our Supreme Court's decision in **Commonwealth v. Alexander**, 243 A.3d 177 (Pa. 2020), as discussed in greater detail *infra*, constituted a newly-discovered fact. Appellant's *Pro Se* PCRA Petition, 2/18/21, at 3.

Although the statement of questions presented for review within counsel's **Anders** brief does not clearly set forth Appellant's claim regarding an exception to the jurisdictional time-bar, the argument section of the brief presents this issue. **Anders** Brief at 10-11.

[7] A liberal reading of Appellant's *pro se* PCRA petition demonstrates that Appellant also sought to raise a similar ineffectiveness claim.  Appellant's *Pro Se* PCRA Petition, 2/18/21, at 3.

*Turner*/*Finley* no-merit letter, counsel is still required to adhere to all the *Turner*/*Finley* requirements, stated as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed under *Turner*, *supra*[,] and *Finley*, *supra*[,] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter[ or] brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court – [PCRA] court or this Court - must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (original brackets and ellipses omitted), *quoting* *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Instantly, Attorney Sullivan satisfied the technical requirements of *Turner*/*Finley*. In the argument section of the appellate brief, counsel discussed Appellant's claim concerning the newly-discovered facts exception to the jurisdictional time-bar and why that issue is without merit. *Anders* Brief at 8-11. Counsel further explained that because Appellant's petition was untimely and without exception, the PCRA did not err in dismissing the petition without addressing the merits of any substantive collateral claim since the

- 6 -

PCRA court lacked jurisdiction to consider Appellant's post-conviction challenges. *Id.* at 11. Counsel filed a motion to withdraw with this Court on July 1, 2022. As an exhibit to his motion, counsel attached a letter to Appellant that enclosed a copy of counsel's brief, included a copy of counsel's motion to withdraw, and advised Appellant of his right to proceed *pro se* or retain new counsel. Appellant has not filed a response to counsel's letter, the brief, or the motion to withdraw. Accordingly, we proceed to conduct an independent review of the record to determine if the appeal lacks merit.

We are mindful of our well-settled standard and scope of review of an order denying a PCRA petition. Proper appellate review of a PCRA court's denial of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

It is well-established that the timeliness of a PCRA petition is jurisdictional, and if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. ***Commonwealth v. Wharton***, 886 A.2d 1120, 1124 (Pa. 2005); ***see also Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's jurisdictional time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

As discussed *supra*, Appellant was sentenced on April 18, 2019. Appellant did not file a post-sentence motion or seek a direct appeal. As such, his judgment of sentence became final on May 20, 2019. Therefore, the instant PCRA petition filed on February 18, 2021, almost one year and nine months after Appellant's judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v.***

*Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented.[8]  42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

It is well-established that, to invoke the newly-discovered facts exception, the petitioner must plead and prove facts that were "unknown" to him, or her, and that he, or she, could not uncover such facts with the exercise of "due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007); *see also Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (stating that, the newly-discovered facts exception "renders a petition timely when the petitioner establishes that the facts upon which the claim is

_____

[8] We note that effective December 24, 2018, the time-period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year.  42 Pa.C.S.A. § 9545(b)(2).  This amendment applies to claims arising one year prior to the effective date of the amendment, that is to say, arising December 24, 2017, or later.  Act. 2018, Oct. 24, P.L. 894, No. 146, § 3.  Because Appellant filed his PCRA petition on February 18, 2021, this amendment applies, and Appellant had one year in which to file a petition that validly invoked any of the exceptions to the PCRA's time-bar.

predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Our Supreme Court recently reiterated the well-established principle that a judicial decision does not constitute a "fact" for purposes of the newly-discovered facts exception. *Commonwealth v. Reid*, 235 A.3d 1124, 1147 (Pa. 2020).

Here, Appellant asserts that our Supreme Court's decision in *Alexander*, *supra*, constitutes a newly-discovered fact. Appellant's *Pro Se* PCRA Petition, 2/18/21, at 2-3; *see also Anders* Brief at 10-11. In *Alexander*, our Supreme Court held that a constitutionally-sound warrantless search of a vehicle requires both probable cause and exigent circumstances. *Alexander*, 243 A.3d at 207. Although our Supreme Court's decision in *Alexander* constituted a departure from then-current judicial precedent and a return to the heightened requirement that a warrantless search of a vehicle requires both probable cause and exigent circumstances, the decision does not constitute a newly-discovered fact for purposes of overcoming the PCRA jurisdictional time-bar. *Reid*, 235 A.3d at 1147 and n.14 (stating that, the newly-discovered facts exception was not designed to permit a PCRA petitioner to use another defendant's victory as a trigger for the newly-discovered facts exception but, rather, the exception was designed to provide a limited timeliness exception for newly-discovered facts in **one's own case**). Moreover, it is well established that judicial opinions do not amount to new "facts" under section 9545(b)(1)(ii) of the PCRA. *Reid*, 235 A.3d at 1148. Therefore, Appellant's argument that our Supreme Court's

- 10 -

decision in **Alexander**, **supra**, satisfies the newly-discovered facts exception is without merit.[9]  Consequently, the PCRA court was without jurisdiction to address the underlying claims raised by Appellant and properly dismissed Appellant's petition.

Based upon our review of the record, we concur that Appellant's PCRA petition is untimely and without exception.  Therefore, the PCRA court lacked jurisdiction to address the merits of Appellant's underlying claims, and we may not address his claims on appeal.  Accordingly, we grant counsel's petition to withdraw and affirm the January 20, 2022 order dismissing Appellant's PCRA petition.

Petition to withdraw granted.  Order affirmed.

_____

[9] To the extent that Appellant also raises the after-recognized constitutional right exception under 42 Pa.C.S.A. § 9545(b)(1)(iii), we find this assertion to be without merit.  **See** Appellant's Rule 1925(b) Statement (stating, Appellant's *pro se* petition "successfully invoked [the PCRA court's] jurisdiction by pleading an exception the PCRA's [jurisdictional] time[-]bar under 42 Pa.C.S.A. § 9545(b)[1](iii)").  In order to invoke the after-recognized constitutional right exception under Section 9545(b)(1)(iii), the petitioner must demonstrate that the right asserted is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time[-]period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S.A. § 9545(b)(1)(iii).  In **Alexander**, a case decided on discretionary direct review, our Supreme Court reinstated the requirement that a warrantless search of a vehicle requires both probable cause and exigent circumstances.  **Alexander**, 243 A.3d at 207.  The **Alexander** Court did not hold that its ruling applied retroactively to cases, such as the case *sub judice*, where the judgment of sentence already become final, as is required to invoke the recognized constitutional right exception.  Consequently, Appellant's assertion that this judicial decision announced an after-recognized constitutional right thereby establishing an exception to the jurisdiction time-bar, is without merit.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/10/2023</u>